The STATE of Utah, Plaintiff and Respondent,

v.

Harold Lee SIBERT, Defendant and Appellant.

No. 15598.

Supreme Court of Utah.

Oct. 31, 1978.

3. 560 P.2d 1108.

Bradley P. Rich of Salt Lake Legal Defenders Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

Mr. Sibert appeals from a conviction of the crime of assault by a prisoner. There is no contention that he was not a prisoner or that he did not commit an assault. The bases of the appeal are: (1) The Trial Court refused to allow the defendant to make an opening statement; and (2) The Trial Court refused to permit a transportation order made by another judge.

Mr. Sibert was represented by competent counsel whose advise was not heeded by his client. The client did not want the lawyer to make an opening statement but wanted to make it himself. He admitted that it was not proper, but claimed the right to tell the jury how he had been treated for the past year. The court told him that he could only tell the jury those things which pertained to the case.

The facts underlying the assault are as follows: The appellant was a participant in a routine counseling meeting held inside the prison walls. Included in the membership were the prison ethnic minority resource specialist, the corrections counselor, and a couple of others besides Mr. Sibert. During the meeting Mr. Sibert wanted to use the telephone and became angry when he was told that since he was on isolation status he could not use the phone. He thereupon threw his chair at one of the counselors, turned the table over, hit another counselor with his fist, and then shouted "don't touch me" and left the room.

His motive in making the assault was to get notoriety and let the world know what his complaints were all about. He told the judge:

Well, my whole case is based on that I've been denied everything. The only way I could see or talk to somebody—which then I still didn't get to talk to—was to get to Court, you know, the easiest and the least violent way I could. I mean I could also—I don't want to mention the man's name, but I also had a person in the religious field that worked in the religious field in the penitentiary that told me the only way I'm ever going to get any truth to the surface is to kill a guard out there so brutal and nasty to make the papers, and this would be the only way I'd ever get a fair trial or get to speak the truth.

He had no defense to the crime with which he was charged, but he did want to tell about how things were in prison. He did not intend to testify to those matters, he simply wanted to tell the jury about them.

The court exhibited great patience in trying to assist the appellant in framing his defense, if any he had. The appellant was rude, truculent and insulting. The court ruled properly and is to be commended for the careful and judicious manner in which it conducted the trial.

The second claim of error was the refusal of the court to allow Mr. Sibert to tell the jury that another judge had ordered him to be confined in the County jail instead of in the prison. He claims that the order was not honored. That matter, if true, could have no bearing on his guilt or innocence and was properly excluded. The order, if made, was after the preliminary hearing had been concluded and therefore was properly excluded.

The defendant was fairly and properly convicted and therefore the judgment should be, and it is, affirmed.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (concurring).

In concurring, I think it would be helpful to make reference to two statutes, viz., 77–31–1 and 77–31–2, U.C.A.1953. These statutes are applicable here, and the actions of the trial court were proper pursuant to their requirements.